UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE DR. DURRANI                                    Judge Timothy S. Black
MEDICAL MALPRACTICE CASES

Case Nos.: **1:16-cv-004 (lead)**, 1:16-cv-005, 1:16-cv-007, 1:16-cv-008, 1:16-cv-009,
1:16-cv-010, 1:16-cv-011, 1:16-cv-012, 1:16-cv-013, 1:16-cv-014, 1:16-cv-015,
1:16-cv-016, 1:16-cv-017, 1:16-cv-018, 1:16-cv-019, 1:16-cv-020, 1:16-cv-021,
1:16-cv-022, 1:16-cv-023, 1:16-cv-024, 1:16-cv-025, 1:16-cv-026, 1:16-cv-027,
1:16-cv-028, 1:16-cv-029, 1:16-cv-030, 1:16-cv-031, 1:16-cv-032, 1:16-cv-033,
1:16-cv-034, 1:16-cv-035, 1:16-cv-036, 1:16-cv-037, 1:16-cv-038, 1:16-cv-039,
1:16-cv-041, 1:16-cv-042, 1:16-cv-043, 1:16-cv-044, 1:16-cv-045, 1:16-cv-046,
1:16-cv-047, 1:16-cv-048, 1:16-cv-049, 1:16-cv-050, 1:16-cv-051, 1:16-cv-052,
1:16-cv-053, 1:16-cv-054, 1:16-cv-055, 1:16-cv-056, 1:16-cv-057, 1:16-cv-058,
1:16-cv-059, 1:16-cv-060, 1:16-cv-061, 1:16-cv-062, 1:16-cv-063, 1:16-cv-064,
1:16-cv-065, 1:16-cv-066, 1:16-cv-067, 1:16-cv-068, 1:16-cv-069, 1:16-cv-070,
1:16-cv-071, 1:16-cv-072, 1:16-cv-073, 1:16-cv-074, 1:16-cv-075, 1:16-cv-076,
1:16-cv-077, 1:16-cv-078, 1:16-cv-079, 1:16-cv-080, 1:16-cv-081, 1:16-cv-082,
1:16-cv-083, 1:16-cv-084, 1:16-cv-085, 1:16-cv-086, 1:16-cv-087, 1:16-cv-088,
1:16-cv-089, 1:16-cv-090, 1:16-cv-091, 1:16-cv-092, 1:16-cv-093, 1:16-cv-094,
1:16-cv-095, 1:16-cv-096, 1:16-cv-097, 1:16-cv-098, 1:16-cv-099, 1:16-cv-100,
1:16-cv-101, 1:16-cv-102, 1:16-cv-103, 1:16-cv-104, 1:16-cv-105, 1:16-cv-106,
1:16-cv-107, 1:16-cv-108, 1:16-cv-109, 1:16-cv-110, 1:16-cv-111, 1:16-cv-112,
1:16-cv-113, 1:16-cv-114, 1:16-cv-115, 1:16-cv-116, 1:16-cv-117, 1:16-cv-118,
1:16-cv-119, 1:16-cv-120, 1:16-cv-121, 1:16-cv-122, 1:16-cv-123, 1:16-cv-124,
1:16-cv-125, 1:16-cv-126, 1:16-cv-127, 1:16-cv-128, 1:16-cv-129, 1:16-cv-130,
1:16-cv-131, 1:16-cv-132, 1:16-cv-133, 1:16-cv-134, 1:16-cv-135, 1:16-cv-136,
1:16-cv-137, 1:16-cv-138, 1:16-cv-139, 1:16-cv-140, 1:16-cv-141, 1:16-cv-142,
1:16-cv-143, 1:16-cv-144, 1:16-cv-145, 1:16-cv-146, 1:16-cv-147, 1:16-cv-148,
1:16-cv-149, 1:16-cv-150, 1:16-cv-151, 1:16-cv-152, 1:16-cv-153, 1:16-cv-154,
1:16-cv-155, 1:16-cv-156, 1:16-cv-157, 1:16-cv-158, 1:16-cv-159, 1:16-cv-160,
1:16-cv-161, 1:16-cv-162, 1:16-cv-163, 1:16-cv-164, 1:16-cv-165, 1:16-cv-166,
1:16-cv-167, 1:16-cv-168, 1:16-cv-169, 1:16-cv-170, 1:16-cv-171, 1:16-cv-172,
1:16-cv-173, 1:16-cv-174, 1:16-cv-175, 1:16-cv-176, 1:16-cv-177, 1:16-cv-178,
1:16-cv-179, 1:16-cv-181, 1:16-cv-182, 1:16-cv-183, 1:16-cv-184, 1:16-cv-185,
1:16-cv-186, 1:16-cv-187, 1:16-cv-188, 1:16-cv-189, 1:16-cv-190, 1:16-cv-192,
1:16-cv-193, 1:16-cv-194, 1:16-cv-195, 1:16-cv-196, 1:16-cv-197, 1:16-cv-198,
1:16-cv-199, 1:16-cv-200, 1:16-cv-202, 1:16-cv-203, 1:16-cv-205, 1:16-cv-206,
1:16-cv-207, 1:16-cv-208, 1:16-cv-209, 1:16-cv-210, 1:16-cv-211, 1:16-cv-212,
1:16-cv-213, 1:16-cv-214, 1:16-cv-215, 1:16-cv-216, 1:16-cv-217, 1:16-cv-218,
1:16-cv-219, 1:16-cv-220, 1:16-cv-221, 1:16-cv-222, 1:16-cv-223, 1:16-cv-224,
1:16-cv-225, 1:16-cv-226, 1:16-cv-227, 1:16-cv-228, 1:16-cv-229, 1:16-cv-230,
1:16-cv-231, 1:16-cv-261, 1:16-cv-262, 1:16-cv-263, 1:16-cv-264, 1:16-cv-282,

## ORDER REMANDING THESE CIVIL ACTIONS[1]

The Court previously entered an Order finding that it lacked jurisdiction over the 227 consolidated civil actions at issue and accordingly ordered that the cases be remanded to the state courts from which they were removed. (Doc. 15). However, enforcement of that Order was stayed pending the outcome of any accepted appeal by the Court of Appeals for the Sixth Circuit, and the Clerk was ordered not to begin effectuating remand until this Court entered a separate Order. (*Id.* at 15).

On July 27, 2016, the Sixth Circuit Court of Appeals issued an Order denying Defendants' appeal of the Court's remand Order. (Doc. 76). The Sixth Circuit issued the mandate for this denial on September 28, 2016. (Doc. 78). As the mandate has been issued, it is now appropriate to implement this Court's previous remand Order.

Accordingly, for these reasons: (1) All of the cases listed in the caption above are **REMANDED** to the state court from which they were removed; (2) the Clerk shall enter Judgment accordingly; and (3) these cases are **TERMINATED** from the docket of this Court.

---

[1] Not all of these civil actions are subject to motions to remand. Nonetheless, all were removed pursuant to the mass action provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(11). For the reasons set forth in the Court's original remand Order (Doc. 15), the Court finds that it does not have jurisdiction pursuant to that provision. Accordingly, the Court must remand all of these civil actions, regardless of whether motions to remand were filed. *See Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir.1990) (citation omitted) (the issue of "subject matter jurisdiction may be raised *sua sponte* at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction."); *see also Probus v. Charter Communications, LLC,* 234 Fed. App'x 404, 406 (6th Cir. 2007) ("Despite [the defendant's] failure to move to remand, the district court should have *sua sponte* addressed the issue of subject matter jurisdiction."); Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

**IT IS SO ORDERED**.

Date:  9/28/16                                                                                  *s/Timothy S. Black*
                                                                                                        Timothy S. Black
                                                                                                        United States District Judge